UTAH DEPARTMENT OF TRANSPOR-
TATION, Plaintiff and Respondent,

v.

Ira HATCH, d/b/a Marble Motel; Ira
Hatch, d/b/a Sandman Motel; Bertha C.
Jensen, d/b/a Golden Spike Hotel, and
Helen Reeder et al., Defendants and Ap-
pellants.

No. 16526.

Supreme Court of Utah.

June 9, 1980.

Thomas T. Billings, of Van Cott, Bagley,
Cornwall & McCarthy, Salt Lake City, for
defendants and appellants.

Robert B. Hansen, Atty. Gen., Stephen J.
Sorenson, Asst. Atty. Gen., Salt Lake City,
for plaintiff and respondent.

WILKINS, Justice:

This is an action (more precisely, three
actions consolidated here and below) in emi-
nent domain commenced by the plaintiff in
which it is specifically seeking to condemn
certain outdoor advertising signs owned by
the defendants pursuant to the Utah High-
way Beautification Act, § 27–12–136.1, et
seq., Utah Code Ann., 1953, as amended.[1]

A hearing was held in the District Court
of Box Elder County, sitting without a jury,
upon plaintiff's motions for orders of imme-
diate occupancy against defendants, pursu-
ant to §§ 78–34–9 and 27–12–136.11,[2] and
plaintiff's motions were granted. Defend-
ants then petitioned this Court, pursuant to
Rule 72(b), Utah Rules of Civil Procedure,
for an intermediate appeal from these or-
ders which was granted. Reversed and re-
manded. No costs awarded.

Defendants contend error was committed
by the District Court in that (1) immediate
occupancy requisites are not present here,
as required by § 78–34–9, nor as reflected in
the Court's memorandum decision, (2) this
occupancy will cause irreparable injury to
defendants with a pressing need therefor,
and should not be permitted without ad-
dressing questions of law and fact in an
evidentiary hearing concerning constitu-
tional challenges raised by defendants.

We address only the first contention,
which is dispositive. We note that no find-
ings were made but that the Court's memo-
randum decision, dated April 30, 1979,
states:

The Court having reviewed the memoran-
da in these matters and also the tran-
script in the Davis County case of Utah
Department of Transportation, Plaintiff
v. Grant Lloyd, Defendant. The Court
finds there is a right to condemn and
with it the right for immediate occupan-
cy. The Court, therefore, grants the re-
quests for orders of immediate occupancy
to Utah Department of Transportation.

. . .

We also note that the order of immediate
occupancy, dated May 23, 1979, repeat, inter
alia, the substantial language of the memo-

1. All statutory references are to this Code.

2. Section 27–12–136.11, as pertinent here,
states: "Eminent domain shall be exercised in

accordance with the provision of chapter 34 of
title 78."

randum decision but additionally recite that immediate occupancy is "necessary and proper."

Section 78–34–9 states, in pertinent part, that the plaintiff, after commencement of an action, may move for an order:

. . . permitting the plaintiff to occupy the premises sought to be condemned pending the action, including appeal, and to do such work thereon as may be required. The court or a judge thereof shall take proof by affidavit or otherwise of the value of the premises sought to be condemned and of the damages which will accrue from the condemnation, *and of the reasons for requiring speedy occupation, and shall grant or refuse the motion according to the equity of the case and the relative damages which may accrue to the parties.* [emphasis added].

We are not able to ascertain from the memorandum decision and order here what the specific reasons are for permitting immediate occupancy for they are not designated therein. Further, from an examination of the record on appeal in this matter it appears when measuring the clear language of § 78–34–9 concerning ". . . the equity of the case and the relative damages which may accrue to the parties" that plaintiff cannot prevail in its efforts for immediate occupancy as a matter of law.

The right to condemn (which, of course, is not involved in this appeal) does not flow automatically into a right of immediate occupancy; the requisites noted in § 78–34–9 must be met, legally vexing though they may be to a condemnor, before it can prevail in the latter.

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.